Juliette DORSETT, Plaintiff-counter-defendant—Appellant,

v.

SHANAT INVESTMENT GROUP, LLC; Amos Mahrer; Danny Chitin, Defendants-counter-claimants—Appellees.

No. 00–35829.

D.C. No. CV–97–00585–BLW.

United States Court of Appeals,
Ninth Circuit.

---

* Pursuant to section 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252, the proper respondent in this case is the Attorney General.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable David Alan Ezra, Chief United States District Judge for the District of Hawaii, sitting by designation.

Argued and Submitted Feb. 7, 2002.*

Decided Feb. 13, 2002.

Before POLITZ,** CANBY and KLEINFELD, Circuit Judges.

### MEMORANDUM***

Donald W. Lojek, attorney for the plaintiff in this sexual harassment case, appeals sanctions imposed upon him by the district court pursuant to 28 U.S.C. § 1927. Lojek concedes that he made a grave error in his final argument, in which he told the jury that it was unfortunate that, as an attorney, he could not take the witness stand and tell the jury about the defendant's attempt to bribe him not to pursue his client's case. The district court ordered a mistrial and imposed sanctions requiring Lojek to compensate the defendants for the cost of additional proceedings. The case settled, however, and there will be no further proceedings, so the financial sanction has become moot. Lojek nevertheless appeals, asking us to overturn the district court's order finding that his conduct was reckless and in bad faith, and that it violated Rule 3.7(a) of the Code of Professional Conduct, which provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness."

We find no error, and affirm the order of the district court. The final argument amounted to an attempt of Lojek, as attorney, to place before the jury information that ordinarily would have had to be introduced by his testimony, which would then have been subject to cross-examination and any appropriate objection. And if he had been a witness, he most certainly could not have served as plaintiff's attorney. The district court's finding that the argument was made in bad faith was not clearly erroneous.

The district court entertained briefing and received affidavits to determine the propriety of its sanction for the conduct that occurred in its presence. Due process was thereby satisfied; the court was not required to hold an evidentiary hearing or hear oral argument. *Pacific Harbor Captial, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118 (9th Cir.2000).

The order of the district court is

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument as to defendants only. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.